**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0816n.06

**No. 12-2554**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TERESA MATTHEWS and MICHAEL MATTHEWS, | ) ) ) | **FILED** Sep 06, 2013 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| WELLS FARGO BANK, | ) ) | |
| Defendant-Appellee. | ) | |

Before:  BOGGS, and SILER, Circuit Judges; DOWD, District Judge.[*]

**SILER,** Circuit Judge.   Plaintiffs Teresa and Michael Matthews (hereinafter the "Matthewses") filed this lawsuit seeking to prevent the scheduled mortgage foreclosure sale of their home and alleged that Defendant Wells Fargo Bank (hereinafter "Bank") wrongfully failed to offer them a loan modification on their mortgage.  The Bank moved for summary judgment, and the Matthewses responded, raising new factual allegations to support their claims. The Bank replied and attached a letter to its submission that directly contradicted the Matthewses' new assertion.  The district court granted summary judgment for the Bank, and the Matthewses challenge whether admission of the attached letter was improper.  For the following reasons, we **AFFIRM**.

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

The material facts are undisputed. The Matthewses' home was subject to a mortgage held by the Bank. They applied for a loan modification under the Home Affordable Modification Plan ("HAMP"), which provides financially challenged mortgagees the potential to modify their loan terms. Home Affordable Modification Program, Making Home Affordable (May 28, 2013), http: //www.makinghomeaffordable.gov/programs/ lower-payments/Pages/hamp.aspx. The Bank denied the modification, stating that the Matthewses did not qualify. The Matthewses subsequently defaulted on their mortgage, the Bank foreclosed on the property, and the home was then sold at a sheriff's sale.

The Matthewses subsequently filed this lawsuit, claiming that the Bank wrongfully failed to offer a loan modification under HAMP and violated Michigan Compiled Laws § 600.3205c(5) by failing to provide them with calculations used in determining their ineligibility for modification. The Bank moved for summary judgment, arguing that HAMP does not provide for a private cause of action and that it fully complied with the notice requirements of § 600.3205c(5). The Matthewses responded that they were "simply seeking . . . disclosure of the alleged calculations that Wels [sic] Fargo performed to deny the modification . . . ." Thus, the Bank attached to its reply a copy of a letter sent to the Matthewses from its authorized agent, Trott & Trott, dated September 2011, which illustrated the calculation it performed in reviewing the Matthewses' account. The district court granted the Bank summary judgment on the bases that HAMP provides no private cause of action and that the Bank's September 2011 letter fulfilled its statutory notice obligation.

**II.**

The Matthewses' sole challenge on appeal is to the district court's consideration of the September 2011 letter in deciding the Bank's motion for summary judgment. We have not held as a matter of law that attachments to a reply may be considered by a district court, but we have applied such a rule in the past. In *Smith v. Burns Medical Center*, the plaintiff challenged the district court's grant of summary judgment and argued collaterally that it erred in considering affidavits attached to the defendant's reply brief in rendering its decision. 779 F.2d 1173, 1175 n.6 (6th Cir. 1985). In a footnote, we illustrated that a district court may consider attachments filed after a summary judgment motion is submitted where a defendant seeks to address new arguments presented in a plaintiff's response and that challenges to this procedure on appeal are reviewed for abuse of discretion. *Id*. (citing *Eguia v. Tompkins*, 756 F.2d 1130, 1136 n.6 (5th Cir. 1985)). Presented with a similar procedural posture in *Peters v. Lincoln Electric Company*, we further explained that where a non-movant advances factual allegations in her response to a motion for summary judgment that the movant has not previously been afforded an opportunity to address, those allegations "warrant[] a reply brief and supporting affidavits that would not have been filed with the original summary judgment brief." 285 F.3d 456, 476 (6th Cir. 2002). The circumstances presented here fall squarely within the parameters of both *Smith* and *Peters* as it was the Matthewses who alleged in their response that they simply sought disclosure of the calculations used by the Bank. Thus, the earliest time the Bank could have addressed this allegation was in its reply brief.

The Matthewses disingenuously contend they were ambushed by production of the letter. Federal Rule of Civil Procedure 6(c)(2) requires that affidavits in support of a motion be attached

to the original filing  however, the rule "is designed to prevent the moving party from springing new facts on the nonmoving party 'when it is too late for that party to contest them.'" *Peters*, 285 F.3d at 476 (quoting *RepublicBank Dallas v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986)).  The Bank's agent mailed the September 2011 letter to the Matthewses, and they do not allege that they failed to receive it nor do they challenge its authenticity.  Thus, they cannot find shelter in the policy of Rule 6 since they cannot claim to be surprised by a document that they were not only aware of, but that they received in the mail from the Bank.  Furthermore, although the Matthewses allege in their complaint that the Bank miscalculated their eligibility for loan modification, they alleged for the first time in their response to the Bank's summary judgment motion that it failed to disclose altogether the calculation used to deny modification.  If anything, it is the Bank who was ambushed by this allegation, and its first and only rebuttal opportunity was its reply brief.  Therefore, the Matthewses' argument that they were ambushed by production of the letter is unpersuasive.

The Matthewses finally cry unfair prejudice because local rules prohibit them from filing a sur-reply, but the Eastern District of Michigan's Local Rule 7.1(g), upon which Plaintiffs rely, includes no such limitation.  The rule reads

> When a motion, response or written request states that the filing of additional affidavits or other documents in support or opposition is necessary, the assigned judge may specify the time within which the additional documents and brief must be filed . . . .

L.R. 7.1(g) (2013).  Rule 7.1(g) does not expressly prohibit the district court from considering attachments to filings, nor does it preclude a party from submitting them.  Moreover, the local rules

do not prohibit parties, such as the Matthewses, from moving the district court to either strike improper attachments to filings or grant them leave to file a sur-reply. Quite the contrary, the Eastern District of Michigan, and more particularly, Judge Zatkoff, the district court judge below, has both entertained and granted such motions. *See Applied Energy Tech., Inc. v. Solar Liberty Energy Sys., Inc.*, No. 09-CV-11959-DT, 2009 WL 3757072, at *2 (E.D. Mich. Nov. 9, 2009); *Park West Galleries, Inc. v. Hochman*, Nos. 08-12247, 08-12274, 2009 WL 2392790, at *1 n.1 (E.D. Mich. Aug. 3, 2009) (Zatkoff, J.); *In re CMS Energy Sec. Lit.*, 236 F.R.D. 338, 339 n.2 (E.D. Mich. 2006). The Matthewses neither moved to strike the September 2011 letter nor moved for leave to file a sur-reply, and they offer no explanation for either of these missed opportunities to apprise the district court of any error or unfairness. Thus, they were not unfairly prejudiced or left without adequate recourse as they insist.

**AFFIRMED**.